CASE 14—PETITION EQUITY—APRIL 22.

## Renaker, &c., vs. Lafferty's adm'r.

APPEAL FROM HARRISON CIRCUIT COURT.

Testator devised land to two sons, requiring them to pay four thousand dollars. It appeared that he considered the land as worth much more than that amount—that sum being undisposed of, passed by descent to his heirs. The excess of the value of the land at his death should be ascertained and charged against the two sons as an advancement, and they should receive no part of the four thousand dollars paid by them, until the other descendants were made proportionately equal with them, as provided by section 17, chapter 30, Revised Statutes. (1 *Stanton*, 426.)

W. W. TRIMBLE,                                For Appellants,

CITED—

*Revised Statutes*, sec. 17, *chap.* 30.
1 *Met.*, 286; *Gordon's heirs vs. Gordon.*
17 *B. Mon.*, 705; *Clarke vs. Clarke.*
15 *B. Mon.*, 394; *McGaughey's adm'r vs. Henry, &c.*
13 *B. Mon.*, 528; *Hook vs. Hook.*
1 *Met.*, 582; *Ford, &c., vs. Thompson.*

BOYD & WARD,                                 For Appellees.

JUDGE PETERS DELIVERED THE OPINION OF THE COURT:

It is evident, from the terms of the will, that the testator considered his land which he devised to his two sons of much more value than the four thousand dollars which he required them to pay; and that he intended the difference between the true value of the land and the four

thousand dollars which he charged his sons with as an advancement to them.

Of the four thousand dollars he made no disposition; consequently, that money passed by descent to his heirs, to be distributed by the law of descents.

The court below, therefore, should have ascertained, by a report of his master, the difference between the value of the land at the death of the testator and four thousand dollars, which his sons John and James are required to pay; and when the difference is thus ascertained, the four thousand dollars should be distributed as provided in section 17, chapter 30, 1st volume Revised Statutes, 426, the said sons receiving no part of said four thousand dollars until the other descendants of said testator are made proportionately equal with them.

Wherefore, the judgment is reversed, and the cause is remanded, with directions for further proceedings consistent with this opinion.